45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gary TRUDELL, Petitioner-Appellant,
v.
Tana WOOD, Superintendent, Respondent-Appellee.
 No. 94-35762.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 28, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Trudell, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. The district court dismissed Trudell's petition as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review for an abuse of discretion, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994), and affirm.
 
 
 3
 A petitioner may abuse the writ of habeas corpus if he raises a new claim in a subsequent habeas petition that he could have raised in his first habeas petition. Rule 9(b), 28 U.S.C. foll. Sec. 2254; McCleskey v. Zant, 499 U.S. 467, 489 (1991). The state bears the initial burden of pleading abuse of the writ. McCleskey, 499 U.S. at 494. The state satisfies its burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. Id. The burden then shifts to the petitioner to show cause for failing to raise the claim earlier and prejudice resulting from the errors of which he complains. Id.; Campbell, 997 F.2d at 524.
 
 
 4
 If the petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result. McCleskey, 499 U.S. at 494-95. "A fundamental miscarriage of justice occurs in those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.' " Harris v. Vasquez, 949 F.2d 1497, 1515 (9th Cir.1990) (citing McCleskey, 499 U.S. at 494), cert. denied, 112 S.Ct. 1275 (1992). In order to meet this narrow exception, the petitioner must supplement his claim of constitutional error with a colorable claim of factual innocence. McCleskey, 499 U.S. at 495; Clark v. Lewis, 1 F.3d 814, 821 (9th Cir.1993).
 
 
 5
 Trudell filed his first federal habeas petition in 1983, in which he challenged his 1980 conviction for first degree murder. Trudell raised three claims: (1) violation of his right to confront witnesses; (2) failure to grant a new trial based upon newly discovered evidence; and (3) failure to exclude evidence. The district court denied the petition on the merits. On October 15, 1993, Trudell filed his second federal habeas petition. In this petition, Trudell's sole claim is that the state court lacked subject matter jurisdiction because Trudell is an enrolled member of the Yankton Sioux Tribe and the murder occurred on the Tulalip Reservation.
 
 
 6
 The state met its burden of pleading abuse of the writ by noting Trudell's prior writ history, identifying Trudell's new claim and alleging abuse of the writ. See McCleskey, 499 U.S. at 494.
 
 
 7
 Trudell does not dispute that he has raised a new claim for the first time in a second federal habeas petition. In addition, Trudell has not shown cause for his failure to raise this claim in his earlier federal habeas petition. See id. During trial, the evidence clearly indicated that the murder occurred on an Indian Reservation. Trudell offers no explanation for his failure to include his jurisdictional claim in his first federal habeas petition. Accordingly, the district court did not err in finding that Trudell had failed to show cause for his abuse of the writ. See id.; Campbell, 997 F.2d at 516.
 
 
 8
 Furthermore, Trudell has not alleged that his case falls into the narrow "fundamental miscarriage of justice" exception. See McCleskey, 499 U.S. at 494-95. Trudell has not made a colorable showing of factual innocence. See id. Accordingly, the district court did not abuse its discretion in dismissing Trudell's petition as an abuse of the writ. See id. at 489; Campbell, 997 F.2d at 516.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3